```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

```
VINCE LEE WINTERS,              *
                                *
    Plaintiff,                  *
                                *
vs.                             *   CIVIL ACTION 11-00261-CB-B
                                *
MICHAEL J. ASTRUE, Commissioner *
of Social Security,             *
                                *
    Defendant.                  *
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), with supporting memorandum, and the Commissioner of Social Security's Notice of Intent Not to Object to Plaintiff's Application for Attorney's Fees. (Docs. 23, 24, 26). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's application be **GRANTED**, **in part,** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$542.25** under EAJA for legal services rendered by his attorney in this Court.

I.  **Findings Of Fact**

Plaintiff commenced this action on May 19, 2011. (Doc. 1). Defendant filed an unopposed Motion to Remand pursuant to sentence

four of 42 U.S.C. § 405(g). (Doc. 19). Subsequently, the undersigned entered a Report and Recommendation on January 5, 2012, recommending that Defendant's motion be granted and that the decision of the Commissioner be reversed and remanded. (Doc. 20). On January 9, 2012, the Report and Recommendation was adopted as the opinion of the Court, and Judgment was entered reversing and remanding this cause to the Commissioner of Social Security for further proceedings.[1] (Docs. 21, 22).

Plaintiff's Motion for Attorney Fees was filed on March 22, 2012.  (Docs. 23, 24).  In the motion, Plaintiff requests an attorney's fee award of $542.22, as well as $350.00 in costs for the filing fee incurred by Plaintiff in filing the Complaint.  (Doc. 23). The attorney's fee award represents a total of 3.0 hours, at an hourly rate of $180.74 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

The Commissioner of Social Security has filed a Response, and states that he has no objection to Plaintiff's fee request or to the request for costs in the connection with the filing fee; however, he notes that there are no provisions in the Social Security Act to permit costs to be charged against the Commissioner.  Instead, the

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

Commissioner contends that such costs can be paid from the Judgment Fund administered by the Office of the U.S. Attorney. (Doc. 26).

**II.  Conclusions Of Law**

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

   A.   **EAJA Hourly Rate**

The EAJA (as amended)[2] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees

---

[2] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

3

> shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added). In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. Lucy v. Astrue, CV 06-147-C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In Lucy, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

Id. at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date

4

of the Magistrate or District Judge's Order and Judgment.  Id. at *5-6.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on May 19, 2011, and Senior District Judge Butler's Order and Judgment were issued on January 9, 2012.  (Docs. 1, 21, 22).  The number of days between those two dates is 236; thus making September 14, 2011, the "temporal midpoint" between those two dates.  The CPI-U for September of 2011 was 220.371. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 220.371/152.4.  This calculation yields an hourly rate, adjusted for "cost of living" increases, of $180.75[3].  Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $180.75 is appropriate.

---

[3] Although Plaintiff's motion seeks an hourly rate of $180.74 using the CPI-U of 220.37, the Court will use the CPI-U of 220.371 in its calculation. As noted above, plugging that number into the Lucy formula renders a total of 180.7504, which the Court will round to $180.75 for its hourly rate calculation.

**B.     Reasonableness of Hours**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306.

In the case sub judice, Plaintiff has attached to his motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 23 at 4). The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, 3.0 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. See, e.g., Coleman v. Apfel, 2000 U.S. Dist. LEXIS 13843, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

**C. Court Costs**

Plaintiff also seeks reimbursement for the $350.00 filing fee paid when he filed the Complaint on May 19, 2011. See (Doc. 1, filing fee receipt no. 020706). Court costs such as filing fees are

compensable under the Equal Access to Justice Act. See Hayward v. Astrue, 2010 U.S. Dist. LEXIS 15327, *11 (S.D. Ala. Feb. 22, 2010) (citing Davis v. Apfel, 2000 WL 1658575, *4 (M.D. Fla. 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. § 2412(a)(1) & (d)(1)(A). It is undisputed that Davis incurred $150.00 in costs in the form of the filing fee. She is entitled to recover this amount."); see also Miller v. Astrue, 2011 U.S. Dist. LEXIS 132273, *5 (M.D. Fla. Nov. 16, 2011) ("The Court finds that $350 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a)."). Accordingly, Plaintiff is entitled to recover the costs of the $350.00 filing fee incurred in initiating this action. The filing fee portion of the EAJA award is to be reimbursed from the Judgment Fund administered by the United States Department of Treasury. See Reeves v. Barnhart, 473 F. Supp. 2d 1173, 1174 (M.D. Ala. 2007) ("The Commissioner proposed Plaintiff be compensated for the filing fee from the Judgment Fund administered by the United States Treasury Department. [] The court ordered that fees be paid to Plaintiff as recommended by the Commissioner.").

### III.  CONCLUSION

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act be **GRANTED, in part,** and that Plaintiff be awarded a reasonable attorney's fee

in the amount of **$542.25** under EAJA for legal services rendered by his attorney in this Court. It is further **RECOMMENDED** that filing fee costs in the amount of **$350.00** be awarded to Plaintiff from the Judgment Fund administered by the United States Treasury.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this **6th** day of **April, 2012.**

                                    **/s/ Sonja F. Bivins**
                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection.**  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.